RüfpiN, C. J.
 

 The Court is not, upon this appeal of the defendant, called on to speak of the position first laid down to the jury. Perhaps its con’ectness might be found to depend much upon some enquiries of fact, to be passed on by the jury, as to a dishonest concert of Caudle with the defendant to surrender to him his employer’s possession. It is the other part of the instruction, on which the verdict was founded, that is now before us. It does not seem to the Court to be correct; and on that ground, without considering any other point, made at the trial, we think the verdict must beset aside.
 

 That part of the instruction, taken in connection with the evidence, and with the previous part of the charge, assumes, that in fact and law, the defendant had peaceably and justifiably entered the house, and was peaceably possessed of all that part of it, which is called the main body. That being so, the defendant, we think, was not guilty of an indictable trespass in breaking into the other room. That room had never been severed from the other parts of the house, so as to make it a several tenement, and give it a distinct character, as the dwelling-house of Kitchen. The whole was but one dwelling-house ; and it was the dwelling-house of Kitchen exclusively, for Caudle had no possession of his own, but was
 
 *87
 
 there merely as a servant.
 
 State
 
 v.
 
 Burtis,
 
 4 Dev. and Bat. 222. When the defendant had gained peaceable admission into the house, and claiming as owner, and having in fact the title, had taken actual and peaceable possession of the whole, except the one room, we think that room, though locked, cannot be treated as a distinct tenement, and as the dwelling-house, separately, of Kitchen, to which the new possession did not extend. Under such circumstances it seems clear, that it could not be laid as his dwelling-house in an indictment for burglary by a third person. When the main body of the house ceased to be. in law, the dwelling house of Kitchen, each room lost that character. The whole was but one tenement; and when the defendant took the possession, that of Kitchen ceased throughout, and the defendant was not guilty of successive forcible entries, as, from one room, he entered into another.
 

 Per Curiam.
 
 Venire de novo
 
 ordered.